UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ERICK TATE,  )
   Plaintiff,  )
  )
vs.  )  No. 17-1168
  )
SUSAN PRENTICE, et. al.,  )
   Defendants  )

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims Defendants Major Susan Prentice, Dr. Andrew Tilden, and Nurses Michelle, Becky, Sabrina and Jodie violated his constitutional rights at Pontiac Correctional Center. Plaintiff suffers from "neurogenic bladder disorder" which requires self-catheterization. (Comp., p. 24). Plaintiff claims each Defendant is well aware of his medical needs, but they have continually denied him the supplies he needs for catheterization leaving him to suffer in pain. Plaintiff's complaint outlines the specific dates each nurse has refused his requests from October of 2016 through January of 2017. Plaintiff says Defendant Prentice has refused to notify medical personnel when he needs help, and Plaintiff has also discussed the problem with Dr. Tilden, but the

1

doctor has refused to take any action. Plaintiff has adequately alleged each of the named Defendants was deliberately indifferent to his serious medical condition.

Plaintiff claims he has repeatedly filed grievances which were ignored. Plaintiff makes reference to his due process rights, but the failure to respond to grievances is not a separate constitutional violation against the named Defendants. (Comp., p. 26 ); *see Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). In addition, Plaintiff claims the failure to respond to his grievances is a "form of retaliation," but he provides no further information in support of this allegation. (Comp., p. 27). To state a retaliation claim, a plaintiff must specifically allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir.2009). Plaintiff has provided no information to support a retaliation claim. In addition, Plaintiff has not identified any Defendants responsible for a due process or retaliation claim.

Finally, Plaintiff has filed a motion for appointment of counsel. [5]. Plaintiff has no constitutional right to the appointment of counsel in his case and the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively

precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff says he has written to three different attorneys to seek representation. Even if the Court found this were a reasonable attempt to find counsel, Plaintiff appears competent to represent himself based on the current record. Plaintiff's complaint clearly and coherently sets forth the basis for his claims and the involvement of each Defendant. Although Plaintiff's claim involves his medical condition, he will be able to obtain medical records during discovery. Plaintiff should also be able to testify personally to the pain he experienced, his attempts to obtain help, and the responses he received, which can be used to show evidence of deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference). The Court also notes Plaintiff has some litigation experience. *See Tate v. Gaetz*, Case No. 13-1001 in the Southern District of Illinois, and *Tate v. Velasco*, Case No. 03-3355 in the Northern District of Illinois.

Once Defendants have been served, the Court will set this matter for a telephone hearing pursuant to Federal Rule of Civil Procedure 16 to review the case and set a discovery schedule. In addition, the Court will enter a Scheduling Order which provides important information to assist a pro se Plaintiff. Based on the record before the Court, Plaintiff's motion is denied. [5]

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges the named Defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said

Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a

change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Deny Plaintiff's motion for appointment of counsel, [5]; 2) attempt service on Defendants pursuant to the standard procedures; 3) set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines; and 4 ) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 21st day of September, 2017.

                                        s/ James E. Shadid
                            _____
                                        JAMES E. SHADID
                                 UNITED STATES DISTRICT JUDGE